MERRITT SCOTTEN, d. b. appl't *vs.* JOSHUA BROWN, p. b. resp't.

A parol contract relating to lands, is void by the statute of frauds, and cannot be proved for any purpose, either of claim or defence.

KENT, October term, 1845. This was an appeal from the judgment of a Justice of the Peace, in an action of assumpsit for work and labor. The pro narr. contained the common counts for work and labor, and a special count on a contract, that in consideration that defendant would clear and grub a piece of new ground, plaintiff would pay what it was reasonably worth.

The plaintiff proved a clearing of a certain meadow for defendant; and that it was worth $30 to clear it.

The defence was, that Brown was the tenant of defendant on a farm for five years, and that he cleared this meadow which was not a part of the farm, for his own benefit, without any agreement on the part of defendant to pay him any thing. After the meadow was cleared the defendant agreed that he should have the meadow for three years as a compensation for clearing it; he seeding it. The defendant offered a witness to prove this, and the evidence was objected to on the ground that such a contract if proved was void, by the statute of frauds, being a parol contract concerning lands. (*Dig.* 88; 2 *Stark. Evid.* 347.) It respects an interest in the soil; and not merely in the crops at maturity; which is the distinction between cases in, and those out of the statute. (7 *Johns. Rep.* 205; 11 *Mass. Rep.* 533; 9 *Johns. Rep.*)

*Mr. Frame* said, the statute of frauds only prohibited the bringing suits upon such contracts, and did not make it void under all circumstances.

*The Court:*

BOOTH, *Chief Justice.*—The statute of frauds introduces no new principle, but a new rule of evidence, requiring that contracts relating to lands shall be evidenced by writing and not otherwise. This rule is to prevent perjury, by avoiding the danger and removing the inducements to false swearing in relation to contracts relating to lands. The danger in this respect, and the necessity of the rule which the statute prescribes, are equally strong, whether the suit is directly upon the contract, or the contract is sought to be proved incidentally and by way of defence. The only question then is, whether this contract is for or concerning *such* an interest in lands as is within the statute? and being of the opinion that it is, we rule out any parol evidence of such a contract.

This ended the case, and the plaintiff below had a verdict.

*Bates* and *Bates,* jr., for plaintiff.

*Frame,* for defendant.